DONESIQUE REYNOLDS *vs.* SUPERINTENDENT, OLD COLONY CORRECTIONAL CENTER. June 14, 2004. *Practice, Criminal, Sentence.*

The petitioner, Donesique Reynolds, filed a petition for a writ of habeas corpus under G. L. c. 248 in the county court, claiming that the Department of Correction (department) failed to credit him with time served on a lawfully imposed sentence. The petitioner claims that the superintendent of the Old Colony Correctional Center is now improperly detaining him beyond the expiration date of his sentence. A single justice denied the petition, and the petitioner appealed. We affirm the order denying the petition.

The facts are undisputed. Having been convicted of possession of a firearm (second offense), the petitioner was sentenced, on September 18, 1992, to the Massachusetts Correctional Institution at Cedar Junction (M.C.I., Cedar Junction) for a term of from six to seven years (firearms sentence). On November 23, 1994, the petitioner pleaded guilty to an indictment charging armed robbery and was given a "split sentence," also called a partially suspended sentence. Specifically, the petitioner was sentenced to M.C.I., Cedar Junction, for a term of from six to ten years, to be served concurrently with the sentence he was "presently serving," with three years to be served and the balance suspended on probation for five years (armed robbery sentence).

On August 29, 1996, the petitioner completed service of the committed portion of the armed robbery sentence after serving 645 days.[1] He remained incarcerated, however, on the firearms sentence. On March 14, 1998, the petitioner was paroled from the firearms sentence.

---

[1] On the armed robbery sentence, the petitioner was committed on November 23, 1994, and the maximum term on the split sentence for that conviction would have

On November 17, 2000, the petitioner was surrendered for an alleged violation of his probation on the armed robbery sentence. After a hearing on June 7, 2001, a Superior Court judge found that the petitioner had violated his probation, revoked his probation, and sentenced him to serve the balance of the armed robbery sentence. The judge credited the petitioner with 203 days in prison for the time he had spent in custody since November 17, 2000.

On August 1, 2003, a Superior Court judge denied the petitioner's motion to correct the mittimus, rejecting his claim that he was entitled to credit on the armed robbery sentence from August 29, 1996, the end of the committed portion of his armed robbery sentence, to the date he was released on parole in March, 1998, on the firearms sentence. The petitioner then filed the petition for a writ of habeas corpus in the county court, which was denied by the single justice. The single justice also denied the petitioner's motion for reconsideration of the petition. This appeal followed.

The single justice correctly rejected the petitioner's claim that he has been detained beyond the expiration of his sentence. The petitioner's claim is based on a faulty assumption that he is entitled to statutory good time deductions and earned good time credits on time he served from November 23, 1994, to November 23, 1997. This period represents the maximum term on the armed robbery sentence, see note 1, *supra.*

Due, however, to the application of statutory good time deductions and earned good time credits, the petitioner was not committed for the entire three-year period on the armed robbery sentence and, instead, finished the committed portion of the armed robbery sentence on August 29, 1996. See note 1, *supra.* The deductions and credits were correctly applied to the committed portion of his armed robbery sentence. See *Hennessy* v. *Superintendent, Mass. Correctional Inst., Framingham,* 386 Mass. 848, 853-854 (1982). Once the committed portion of his armed robbery sentence was completed, on August 29, 1996, the petitioner remained in custody on the firearms sentence. The fact that the petitioner remained in custody after August 29, 1996, does not entitle him to a continuation of deductions and credits on the armed robbery sentence. His commitment thereafter was on the firearms sentence, on which no deductions for good conduct are permitted. See G. L. c. 269, § 10 (*d*). In simple terms, because the petitioner was not committed from August 29, 1996, to November 23, 1997, on the armed robbery sentence, he is not entitled to any good time deductions or credits during that period on that sentence.

Our construction does not defeat the purpose of the good time statutes of encouraging good behavior in prison. Rather, it respects the fact that separate sentences must be calculated independently. Whenever, as here, a sentence on a charge that does not qualify for good time is being served concurrently with a sentence on a separate charge that does qualify, it may turn out that good time is of no practical benefit to the prisoner. To the extent that that occurs, it is the product of the Legislature's decision to exclude sentences for certain crimes from eligibility for good time deduction. Meanwhile, as it accrues,

expired on November 22, 1997. His total time of commitment, however, was reduced by statutory good time deductions, G. L. c. 127, § 129, as amended through St. 1967, c. 379 (repealed by St. 1993, c. 432, § 10, but remaining applicable to crimes committed before July 1, 1994, see St. 1993, c. 432, § 21), and earned good time credit, see G. L. c. 127, § 129D, as amended through St. 1989, c. 321.

good time is applied to any eligible sentence being served — it is not held in reserve for application with the benefit of hindsight so as to obtain maximum over-all reduction in total incarcerated time.

The order of the single justice is affirmed.

*So ordered.*

*John F. Palmer* for the plaintiff.
*David Slade* for the defendant.